Filed 4/4/25  P. v. Scott CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CLIFFORD ALBERT SCOTT, JR.,<br><br>    Defendant and Appellant. | 2d Crim. No. B331338<br>(Super. Ct. No. F481801)<br>(San Luis Obispo County) |

        Clifford Albert Scott, Jr. appeals from the trial court's judgment following a resentencing hearing to strike a now-invalid prior prison term enhancement.  (Pen. Code, §§ 1172.75, 667.5, subd. (b).)[1]  We reject Scott's claim of ineffective assistance of counsel at the resentencing hearing, and affirm.

        This appeal concerns Scott's conviction of various offenses in 2014 based upon his initiation of a high-speed vehicle chase and repeatedly shooting at and wounding a police officer during a

_____

        [1]All statutory references are to the Penal Code unless stated otherwise.

gun battle. Following a resentencing hearing in 2023, the trial court struck a one-year prior prison term enhancement but otherwise imposed the same sentence. Scott now complains that his counsel did not argue for or suggest means to arrive at and impose a reduced sentence. (§ 1172.75, subd. (d)(2), (3).) We conclude that it is not reasonably probable that Scott would have obtained a lesser sentence had counsel raised the issue.

*FACTUAL AND PROCEDURAL HISTORY*

On October 27, 2012, California Highway Patrol Officer Michael Muell stopped the female driver of a gray-colored Camaro for speeding. Scott, then 22 years old, was the front seat passenger and another female was the back-seat passenger. As Muell approached the front-passenger window, he noticed that Scott was watching him closely. Muell decided to summon back-up officers.

Officers David Agredano and Adrian Ayala responded. Agredano asked the female driver to step outside the vehicle. Muell then approached Scott and asked for his identification. Scott replied that he had none.

Muell asked Scott to step outside the vehicle. Instead, Scott crawled over the center console into the driver's seat. He then rapidly accelerated onto the freeway. Muell and Ayala gave chase in separate patrol vehicles.

Scott led the officers on a high speed chase at speeds of 90 miles an hour. When Scott was unable to negotiate a left turn onto a city street, he crashed his vehicle into a tree. Scott left the vehicle and fled on foot with Ayala in pursuit. Muell stayed behind with the distraught back-seat passenger.

Ayala returned to his patrol vehicle to better pursue Scott. He drove into an alley containing recycling dumpsters because he

2

had last seen Scott there. As Ayala shined his flashlight into a dumpster, he saw movement and ordered Scott to leave the dumpster. Scott agreed to comply. As Scott left the dumpster, however, he pointed a firearm at Ayala's head and fired multiple gunshots in rapid succession from a close range. Ayala sustained a gunshot to his bullet-resistant vest, thumb, and forearm. He backed away to avoid being shot in the head.

Scott resumed shooting at Ayala, and pointed his firearm at Ayala as he (Scott) ran away. Ayala reloaded his weapon and continued to shoot at Scott. Other police officers arrived and Scott stopped running and surrendered. Police officers found cocaine in Scott's pants pocket.

*Original Sentencing (2014)*

In 2014, a jury convicted Scott of attempted premeditated murder of a police officer; assault upon a peace officer with a semiautomatic firearm; evading an officer; and transportation of a controlled substance, cocaine. (§§ 664, 187, 245, subd. (d)(2); Veh. Code, § 2800.2, subd. (a); Health & Saf. Code, § 11352, subd. (a).) The jury also found that Scott intentionally discharged a firearm within the meaning of section 12022.53, subdivision (c). Separately, Scott pleaded nolo contendere to possession of a firearm by a felon and carrying a loaded firearm. (§§ 29800, subd. (a)(1), 25850, subd. (a).) The trial court also found that Scott had a prior serious felony strike conviction (juvenile adjudication) for robbery and served a prior prison term. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d), 667.5, subd. (b).) The court imposed a second-strike sentence of 32 years eight months plus 30 years to life imprisonment.

At sentencing, the trial judge described Scott's conduct as "stunning," "one of the most horrific stories," "mayhem," and

3

"unbelievable." The judge stated: "So you deserve the sentence you are about to get. If it was up to me, you'd never get out." The court found several aggravating factors (most related to Scott's poor performance on parole or probation) but no factors in mitigation of punishment. The sentence also reflects imposition of an upper-term for the assault with a firearm conviction as well as consecutive terms for other counts.

*Appeal and First Resentencing (2015)*

Scott appealed. We rejected his appellate contentions except one regarding the conviction of transportation of cocaine. We reversed that count and remanded for resentencing. (*People v. Scott* (July 28, 2015, B254789) [nonpub. opn.].) In 2015, the trial court resentenced Scott to 26 years four months plus 30 years to life imprisonment.

*Section 1172.75 Resentencing (2023)*

On June 30, 2023, the trial court held a brief resentencing hearing regarding the now-invalid prior prison term. Scott was represented by counsel but did not personally attend. Counsel indicated that he had spoken with Scott who had waived his right to be present. Counsel did not seek application of any ameliorative sentencing laws or object to the new sentence. The trial judge stated: "All right. Then . . . [section] 1172.75 (d)(2) and (3), we're resentencing Mr. Scott, changing only the one-year prison prior. Everything else on the abstract remains as previously imposed." The court then struck the one-year prior prison term and resentenced Scott to 25 years four months plus 30 years to life imprisonment.

Scott appeals and contends that he received the ineffective assistance of counsel because his attorney did not advocate any

4

means of reducing his sentence pursuant to ameliorative sentencing laws enacted after his original sentencing.

*DISCUSSION*

Scott asserts that his counsel did not argue dismissal of the firearm enhancements pursuant to section 12022.53, subdivision (h); reduction of the upper-term for the assault with a semiautomatic firearm conviction to a middle- or low-term; a low-term sentence for other counts; the contributing effect of his youth to the offenses; or the stay of the attempted murder conviction pursuant to section 654.  He argues that his Sixth Amendment right to counsel compels a remand for full resentencing, which also may include the striking of the prior robbery strike conviction.

Section 1172.75, subdivision (a) provides that any prison term enhancement imposed prior to January 1, 2020, pursuant to section 667.5, subdivision (b), except that imposed for a prior conviction for a sexually violent offense, is legally invalid.  Section 1172.75, subdivision (c) requires the trial court to recall an applicable sentence and resentence the defendant.

Section 1172.75, subdivision (d)(1) mandates the trial court impose "a lesser sentence than the one originally imposed . . . unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety."  At resentencing, the court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.,* subd. (d)(2).)  The court may also consider post-conviction factors, including the defendant's disciplinary record, his rehabilitation, and his age and physical condition affecting any

5

risk for future violence, among other factors. (*Id.,* subd. (d)(3).) "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id.,* subd. (d)(4).)

Section 1170, subdivisions (b)(6)(A) and (B) also provide the opportunity for a lower-term sentence where a defendant has experienced childhood trauma and the trauma was a contributing factor to the offense, or the defendant was a youth at the time of the commission of the crime, unless the court finds imposition of the lower-term would be contrary to the interests of justice.

Scott has forfeited his resentencing argument. The trial court provided him an opportunity for full resentencing and argument for application of discretionary and ameliorative changes in sentencing laws. (*People v. Carter* (2023) 97 Cal.App.5th 960, 972 ["a defendant eligible for removal of a prison prior under section 1172.75 must be provided an opportunity for full resentencing to argue for further relief under any other ameliorative changes in law that reduce sentences"].) Scott did not request further reduction in his sentence and did not object when the court imposed the same sentence, less one year for the prison term enhancement. (E.g., *People v. Tilley* (2023) 92 Cal.App.5th 772, 778 [forfeiture where defendant did not seek the lower term, object to the imposition of the middle term, or argue that he suffered from mental illness].)

Scott also did not present evidence that his youth was a contributing factor in his commission of the offense. (*People v.*

*Fredrickson* (2023) 90 Cal.App.5th 984, 991 [defendant's youth not a contributing factor in every case].)

Moreover, the record does not affirmatively demonstrate that the trial court misunderstood or misapplied the law. We presume that the trial court knows and understands the sentencing laws and the options available for sentencing. (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042; *Ross v. Superior Court* (1977) 19 Cal.3d 899, 913-914.) The court's failure to mention recent sentencing legislation does not affirmatively demonstrate that the court was unaware of or misunderstood its discretion. (*People v. Coleman* (2024) 98 Cal.App.5th 709, 724.) In any event, the court specifically cited section 1172.75, subdivisions (d)(2) and (3), implying that it was aware of its sentencing discretion to impose a reduced sentence but chose not to do so.

An ineffective assistance of counsel claim has two elements: a defendant must show that counsel's performance was deficient and that this deficient performance prejudiced the defense. (*Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674, 693] (*Strickland*); *In re Tellez* (2024) 17 Cal.5th 77, 88.) A reviewing court may analyze an ineffective assistance of counsel claim with either element. (*Strickland*, at p. 697 [80 L.Ed.2d at p. 699]; *Tellez*, at p. 88.) "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." (*Strickland*, at p. 697 [80 L.Ed.2d at p. 699].) To satisfy the prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Id.* at p. 694 [80 L.Ed.2d at p. 698]; *Tellez,* at p. 88.) Prejudice must be a demonstrable reality established based on facts in the record, not simply speculation

as to the effect of the errors or omissions of counsel. (*People v. Tilley, supra*, 92 Cal.App.5th 772, 778.)

The standard for assessing ineffective assistance of counsel pursuant to *Strickland* applies to a claim of deficient performance at a sentencing hearing. (*People v. Fredrickson, supra*, 90 Cal.App.5th 984, 994.) "[A] defense attorney who fails to adequately understand the available sentencing alternatives, promote their proper application, or pursue the most advantageous disposition for his client may be found incompetent." (*People v. Scott* (1994) 9 Cal.4th 331, 351.)

On this record, it is not reasonably probable that Scott would have obtained a lesser sentence if counsel had advocated reduced sentencing options. At the original sentencing, the trial judge described Scott's conduct as "stunning," "one of the most horrific stories," "mayhem," and "unbelievable." The judge stated: "So you deserve the sentence you are about to get. If it was up to me, you'd never get out." The court found several aggravating factors (most related to Scott's performance on parole or probation) but no factors in mitigation of punishment. Although the different resentencing judge in 2023 did not repeat these comments, it is reasonable to infer that he agreed with the conclusions given his express statement that it would impose the same sentence less the one-year prior prison term enhancement. Scott has not demonstrated a reasonable probability of a different result but for counsel's asserted omissions or errors. (*People v. Tilley, supra*, 92 Cal.App.5th 772, 778 [prejudice may not rest upon speculation as to the effect of counsel's omissions or errors].)

*DISPOSITION*

The judgment is affirmed.

NOT TO BE PUBLISHED.


                              GILBERT, P. J.

We concur:



          YEGAN, J.



          CODY, J.

Barry T. LaBarbera, Judge

Superior Court County of San Luis Obispo

_____

Laini Millar Melnick, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri, Roberta L. Davis and Christopher Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.